# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE E. SIMPSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1134-CDP |
| | ) | |
| DEAN MINOR, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for leave to commence this action without payment of the required filing fee [Doc. 2]. Upon consideration of the financial information provided with the application, the Court finds that petitioner is financially unable to pay any portion of the filing fee, and therefore, the motion will be granted. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition [Doc. 1], the Court will order petitioner to show cause why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner states that on June 5, 2012, he pled guilty to charges of first degree child molestation and sexual conduct involving a minor child by indecent

exposure. He did not file a direct appeal. Petitioner states that he filed a post-conviction motion for relief on February 22, 2016, which was denied as time barred on June 23, 2016. In the instant action, petitioner claims that his condition of attention deficit disorder ("ADD") prevented him from timely pursuing his remedies and that he was denied effective assistance of counsel.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that this action is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner was convicted in 2012; however, the instant application for federal habeas corpus relief was not filed until July 2016, well after the running of the one-year limitations period.

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

Petitioner summarily states that he was unable to timely file this action because of "lack of legal know how" and because he is afflicted with ADD. It is axiomatic that equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances." *See, e.g.*, *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). Petitioner's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling. *Cf. Rios v. Mazzuca*, 78 Fed.Appx. 742 (2nd Cir. 2003) (no tolling due to prisoner's alleged illness where he produced no documentation showing that during period in which he could have filed federal habeas petition he was so incapable of rational thought that he could not appreciate his situation, or he lacked the wherewithal to ascertain he must take legal steps). Because petitioner has not yet advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order why this matter should not be dismissed as untimely. Petitioner is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed as time-barred, without further notice to him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's motion for Court forms [Doc. 3] is **GRANTED**, and the Clerk of Court shall send movant the requested blank Court forms.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

Dated this 16th day of August, 2016.

_____
**UNITED STATES DISTRICT JUDGE**