UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE E. SIMPSON, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:16-CV-1134 CDP |
| ) | |
| DEAN MINOR, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

George Simpson petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 16, 2016, I ordered him to show cause why this action should not be dismissed as barred by the statute of limitations. I warned him that if he did not respond, I would dismiss the case without further proceedings. He has not responded.

### Background

On March 5, 2012, petitioner pled guilty to first-degree child molestation and sexual misconduct or attempt involving a child under fifteen. *Missouri v. Simpson*, No. 10AU-CR000281-01 (Audrain County). On June 4, 2012, the court sentenced him to an aggregate term of ten years' imprisonment. He did not appeal.

On February 22, 2016, petitioner filed a motion for postconviction relief. *Simpson v. Missouri*, No. 16-AU-CC00007 (Audrain County). He alleged that his rights were violated under the Americans with Disabilities Act. On February 23, 2016, the court denied the motion as untimely. Petitioner did not appeal.

**Discussion**

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as here, a defendant does not take a direct appeal, the judgment becomes final ten days after it is entered. *See* Mo. R. Civ. P. 81.04(a). Therefore, the limitations period ended on June 14, 2013.

Petitioner argued in his petition that he should be given equitable tolling because he lacks legal knowledge and has Attention Deficit Disorder ("ADD").

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 649-50. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted).

Petitioner has not demonstrated that he diligently pursued his rights or that an extraordinary circumstance stood in his way. Lack of legal knowledge is not an extraordinary circumstance, nor is ADD. Consequently, he is not entitled to equitable tolling, and this action is dismissed. *See* 28 U.S.C. § 2254 Rule 4; *Day v. McDonough*, 547 U.S. 198, 210 (2006).

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely. As a result, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of October, 2016.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE